UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Timothy Trejo-Vigil, | ) C/A No. 8:25-cv-12370-RMG-WSB |
|       Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| SCDC/Various, Stephen Duncan, Devine Carter, Major Hinghun, Imani Harrison, Andrews, Brown, Jones, | ) |
|       Defendant. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, purportedly to assert violations of his constitutional rights. When Plaintiff commenced this action, he was an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and incarcerated at the Broad River Correctional Institution ("Broad River").[1] ECF No. 1 at 2. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.) and 28 U.S.C. §§ 1915 and 1915A, the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the district court. For the reasons below, this case is subject to summary dismissal.

---

[1] As explained in the Analysis below, it appears that Plaintiff is no longer incarcerated within SCDC. Plaintiff has not provided the Court with an updated address and the Court is therefore unable to communicate with Plaintiff. Because the Court does not have an alternate address for Plaintiff, this Report and Recommendation will be mailed to Plaintiff at Broad River, the address Plaintiff provided in his Complaint.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. After conducting an initial screening of the Complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, the undersigned issued an Order dated November 13, 2025, notifying Plaintiff that the Complaint was subject to summary dismissal. ECF No. 16. However, Plaintiff was given an opportunity to file an amended complaint to cure the deficiencies identified in that Order. *Id*. at 7. Plaintiff was warned as follows:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 8 (emphasis omitted). The deadline to file an amended complaint was December 4, 2025. *Id*. Plaintiff has not filed an amended complaint, and the time to do so has lapsed.

The Court's Order regarding amendment was mailed to Plaintiff at Broad River to the address provided by Plaintiff in his Complaint. ECF No. 17. On December 3, 2025, the Court's Order was returned as undeliverable. ECF No. 18.

**Factual Allegations**

Plaintiff makes the following allegations in the Complaint. ECF No. 1. Plaintiff contends he has been subjected to threats, physical assaults, extortion, sexual assaults, failure to protect, denial of serious medical needs, and excessive force. *Id.* at 9. For his injuries, Plaintiff contends he has suffered emotional distress, cuts to arms, suicidal ideations, nutritional health issues, financial abuse, physical assaults, depression, and extortion. *Id.* at 7. For his relief, Plaintiff requests to be placed in a single cell and in a therapeutic dorm, placed in a mental health program,

given a tablet, classified as level one, be provided "separations" and investigations, to be transferred to New Mexico, and other relief. *Id.* Plaintiff has attached a hand-written document containing additional, similar allegations. ECF No. 1-1. In that document, Plaintiff alleges that he is a transgender inmate and has been assaulted, extorted, raped, and subjected to various other abuses. *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999),

construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief.  *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555.  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994)

(explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

**Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated November 13, 2025. ECF No. 16. The deadline to file an amended complaint under the Court's Order was December 4, 2025. *Id.* In addition to the Order regarding amendment, the Court also entered an Order dated November 13, 2025, advising Plaintiff as follows:

5

> You are ordered to always keep the Clerk of Court advised **in writing** (**250 East North Street, Suite 2300, Greenville, South Carolina 29601**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

ECF No. 13 at 2 (emphasis in original). This Court's Order dated September 15, 2025, also contained this same warning. ECF No. 7 at 3–4. Plaintiff has not filed an amended complaint. Plaintiff also has not provided the Court with an updated address in accordance with the Court's Orders.

Plaintiff was warned of his obligation to keep the Court apprised in writing if his address changed for any reason. ECF Nos. 7; 13.[2] It appears that Plaintiff is no longer in SCDC custody, and, without an updated address, the Court has no way to communicate with him.[3]

The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with

---

[2] The Court's Orders were mailed to Plaintiff at Broad River, the only address he has given to the Court. Some of those Orders were subsequently returned as undeliverable. ECF No. 18. However, the initial proper form order containing a directive to keep the Court informed of his address was not returned, so he is presumed to have received it.

[3] *See* SCDC Incarcerated Inmate Search, available at https://public.doc.state.sc.us/scdc-public/ (search by Plaintiff's first and last name) (last visited Dec. 8, 2025).

prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

>   (1) the degree of personal responsibility on the part of the plaintiff;
>
>   (2) the amount of prejudice to the defendant caused by the delay;
>
>   (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
>   (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed deadlines to pass without filing any responses. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. Plaintiff was also warned in this Court's Orders dated September 15, 2025, and November 13, 2025, that the case could be dismissed for failing to provide the Court with any address changes. ECF Nos. 7; 13. Because Plaintiff did not file a response to the Court's Orders, has not provided the Court with an

updated address, and has failed to file an Amended Complaint, it appears to the Court that Plaintiff wishes to abandon his case.

Plaintiff has failed to prosecute this case and has failed to comply with the Orders of this Court. As Plaintiff has already ignored this Court's Orders and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Dismissal for Failure to State a Claim**

Additionally, and in the alternative, this action is subject to dismissal because the allegations in the Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The pleadings must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the pleadings' factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations fail to satisfy this standard for the following reasons.

**Defendants Entitled to Dismissal**

All Defendants named in this action are entitled to summary dismissal.

*No Supervisory Liability*

Plaintiff appears to have named certain Defendants because of their supervisory roles over SCDC and/or Broad River, including Warden Duncan, Associate Warden Carter, Associate Warden Andrews, and others. ECF No. 1 at 1–4. To the extent Plaintiff bases the claims against Defendants on the theory of supervisory liability, the claims are without merit. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New*

*York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in an individual capacity only for his or her personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted). Plaintiff has failed to state a § 1983 claim against Defendants based on a theory of supervisory liability because Plaintiff has failed to allege that Defendants had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff. For these reasons, Defendants are entitled to dismissal from this action. *See Oneal v. Fenner*, C/A No. 6:24-cv-6284-DCC-WSB, 2024 WL 5514974, at *3–4 (D.S.C. Dec. 5, 2024), *R&R adopted by* 2025 WL 1080932 (D.S.C. Apr. 10, 2025).

### *Individual Capacity Claims*

To the extent Plaintiff intends to assert claims against Defendants in their individual capacities, they are entitled to dismissal because Plaintiff makes no substantive allegations against them in the body of the Complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH,

9

2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).  In the absence of substantive allegations of wrongdoing against Defendants, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against them.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim).  To the extent Plaintiff has alleged facts against any of the named Defendants, they are all entitled to dismissal for the additional reasons explained herein.

**Failure to State a Claim**

Plaintiff's Complaint fails to allege facts to state a claim for relief.  Liberally construed, the Complaint appears to assert a claim for deliberate indifference to Plaintiff's serious medical needs.  Plaintiff's allegations are insufficient to establish any claim for the reasons below.

*Deliberate Indifference*

Plaintiff has failed to allege facts to support a claim for deliberate indifference, or any other claim.  Significantly, Plaintiff has not identified any individual responsible for his medical care and treatment.  *Bennett v. Nix*, C/A No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' . . .  no such [allegations] exist here." (citation omitted)), *R&R adopted by* 2020 WL 607206 (D.S.C. Feb. 7, 2020).  Because Plaintiff has not identified any individual responsible for the denial of medical care, the deliberate indifference claim fails.

Plaintiff's allegations also fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

11

As such, Plaintiff's cursory allegations, as presented in his Complaint, are insufficient to establish a claim of constitutional magnitude for deliberate indifference to a serious medical need.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action under Rule 41(b) for failure to prosecute or, in the alternative, for failure to state a claim, without further leave to amend, and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

December 8, 2025<br>
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).