# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Trejo-Vigil,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SCDC/ Various, *et al.*,<br><br>　　　　　Defendants. | Case No. 8:25-12370-RMG<br><br>**ORDER** |

　　　　This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 19) recommending that this action be dismissed for failure to prosecute or, in the alternative, for failure to state a claim. Plaintiff was advised that a failure to timely file objections to the R & R would result in limited clear error review and a waiver of the right to appeal the District Court's order. (*Id*. at 13). Plaintiff filed no timely objections to the R & R.

## I.　Background

　　　　Plaintiff, then an inmate at the South Carolina Department of Corrections (SCDC), filed a civil action against a number of SCDC employees for alleged violation of his constitutional rights. The Magistrate Judge advised Plaintiff by order dated November 13, 2025 that the complaint was subject to summary dismissal and that he needed to submit an amended complaint. (Dkt. No. 16). Plaintiff was warned that a failure to submit an amended complaint would result in a recommendation to the District Court for the summary dismissal of the action. (*Id*. at 8). The order was mailed to the address Plaintiff provided at the SCDC Broad River Correctional Institution. The order was returned as undeliverable. Plaintiff had twice been advised of the need to keep his address current with the Court. (Dkt. Nos. 7 at 2-3; 13 at 2).

1

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the factual and legal issues regarding Plaintiff's failure to prosecute and correctly concluded that the case was subject to summary dismissal due to his failure to timely submit an amended complaint in response to the November 13, 2025 order. In light of the Court's conclusion that the case is subject to summary dismissal, the Court finds it unnecessary to address the dismissal of the action for failure to state a claim.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** a portion of the R & R relating to the failure to prosecute (Dkt. No. 19 at 1-8) as the order of the Court and dismisses this action pursuant to Rule 41(b) for failure to prosecute.

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 30, 2025
Charleston, South Carolina